| DISTRICT COURT, <br> Denver County, State of Colorado <br> 1437 Bannock Street <br> Denver, CO 80202 | DATE FILED <br> July 7, 2025 9:20 AM <br> FILING ID: D15BB8C17A208 <br> CASE NUMBER: 2025CV32409 |
|---|---|
| PLAINTIFF: **HOLLAND ADINOFF**, on behalf of herself and a proposed class of all others similarly situated, <br><br> v. <br><br> DEFENDANT: **WEST PUBLISHING CORPORATION** | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff: <br><br> Patrick H. Peluso (#47642) <br> Peluso Law LLC <br> 865 Albion Street, Suite 250 <br> Denver, Colorado 80220 <br> 720-805-2008 | Case No: <br><br> Division: |
| **CLASS ACTION COMPLAINT AND JURY DEMAND** ||

**INTRODUCTION**

Plaintiff Holland Adinoff ("Plaintiff" or "Adinoff"), individually and on behalf of an alleged Class comprised of all others similarly situated, brings this Class Action Complaint against Defendant West Publishing Corporation ("Defendant" or "West") to challenge West's serial violations of Colorado's Prevention of Telemarketing Fraud Act, Colo. Rev. Stat. § 6-1-304, *et seq.* ("PTFA"). Plaintiff, for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**COLO. REV. STAT. § 13-17-201 STATEMENT**

Adinoff, pursuant to Colo. Rev. Stat. § 13-17-201, pleads that all claims asserted herein are made in good faith and are non-frivolous, and are filed for the express purpose of establishing the meaning, lawfulness, and/or constitutionality of a law, regulation, or constitutional right (specifically C.R.S. § § 6-1-304, *et seq.*). The meaning, lawfulness, or constitutionality of C.R.S. §6-1-304, *et seq.* has not been determined by the Colorado Supreme Court and the issues presented herein are matters of first impression.

1

## NATURE OF ACTION

1.      Since 2005, the commercial listing (without consent) of a cell phone number in a directory has been prohibited in the State of Colorado. *See* Colo. Rev. Stat. § 6-1-304(4)(a)(I).

2.      As former State Representative Mark Cloer, a prime sponsor of the bill, stated in describing this law: "[m]ost people view their cell phones as private. They give out the number to friends and family and some colleagues. When their cell phone rings, they expect it to be important."[1]

3.      Thus, to protect the privacy of consumers' cellphone numbers, Colo. Rev. Stat. § 6-1-304(4) provides that:

> (a)    On or after September 1, 2005, a person commits an unlawful telemarketing practice if the person knowingly:
>
> (I)    Lists a cellular telephone number in a directory for a commercial purpose unless the person whose number has been listed has given affirmative consent, through written, oral, or electronic means, to such listing[.]

4.      Despite the law's clarity, West has listed the cellular telephone numbers of thousands of Colorado residents in its for-sale and for-profit directory, Westlaw PeopleMap, without requesting (let alone actually receiving) affirmative consent to such listings.

5.      In doing so, Defendant has violated Colorado law and Plaintiff brings this action to: (a) prevent Defendant from further violating the privacy rights of Colorado cell phone users, and (2) and to recover statutory damages from Defendant, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c).

## PARTIES

6.      Plaintiff Adinoff is a natural person and resident of the State of Colorado. She is a resident of Denver, Colorado and has been so at all times relevant.

7.      Defendant West Publishing Corporation is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 610 Opperman Drive, Eagan, MN 55123. West creates and authors WestLaw content, including the PeopleMap directory at issue.

---

[1] https://www.9news.com/article/news/local/politics/legislative-library-feb-23-2005/73-344789916.

2

## JURISDICTION AND VENUE

8. The Court has jurisdiction over Defendant pursuant to C.R.S. § 13-1-124(1)(a)-(b) because Defendant transact business in the State of Colorado and committed the tortious acts challenged in this case in this State.

9. Venue is proper in Denver County, as Adinoff resides in Denver County.

## COMMON FACTUAL BACKGROUND

10. Defendant states that "PeopleMap on Thomson Reuters Westlaw is the premier public records search tool for discovering data other resources might miss."[2]

11. Defendant further states that PeopleMap can help its users "Find current and accurate addresses and phone numbers, sourced from the top credit bureaus, vehicle registrations, and more". [3]

12. In essence, PeopleMap is a directory of data about everyday people throughout the country, including Coloradans.

13. The PeopleMap directory is available to anyone with a subscription sold by Defendant, including a Westlaw subscription.

14. PeopleMap searches are commercial transactions—West charges money for the searches, either in the form of a monthly or yearly subscription, and/or a per-search charge. Thus, West has monetized personal data through its PeopleMap directory.

15. PeopleMap reports are obtained by simply searching on West's platform for an individual using some known information, such as a name, an address, or a phone number.

16. Once the search is completed, a report is prepared almost instantaneously by West and is made available to the user of its PeopleMap directory.

17. The reports include various categories of information about the individual searched, including current and past addresses, vehicle registrations, business affiliations, and related persons.

18. As is at issue in this case, the PeopleMap directory reports also contain cellphone numbers.

19. In Adinoff's case, her PeopleMap directory report contains, in part, the following

---

[2] https://legal.thomsonreuters.com/en/products/people-map
[3] *Id.*

3

information:

| Associated Person Information | |
|---|---|
| Name: | HOLLAND ADINOFF |
| Date of Birth: | 01/XX/▮ |
| Address: | ▮<br>DENVER, CO ▮ |
| Address Type: | STREET RECORD |
| Deliverable Address: | Y |
| County: | DENVER |
| Cell Phone: | ▮5933 |

End of Document © 2025 Thomson Reuters. No claim to origi

20. The cellphone number listed in the PeopleMap directory report (partially redacted in this screenshot to protect her privacy) is in fact Adinoff's cellphone number.

21. Adinoff did not give affirmative consent (in writing or otherwise) for West to list her cellphone number in its PeopleMap directory.

22. Thus, West has violated Colo. Rev. Stat. § 6-1-304(4). It has listed a Coloradan's cellular telephone number in a directory for a commercial purpose without consent.

23. West's misappropriation of Coloradans' cell phone numbers undeniably infringes upon the privacy rights set forth in the PFTA, puts them at risk of the data being exploited by bad actors (including but not limited to telemarketers), and it also deprives them of the real, quantifiable value of such data.

24. Thus, for West's violations of § 6-1-304(4), Adinoff seeks, on behalf of herself and a Class of persons similarly situated (as defined below), seeks: (1) a declaration that West's actions, as set forth herein, violate the PTFA, (2) damages, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), of at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense, (3) injunctive relief as necessary to protect the interest of the Class, (4) reasonable attorneys' fees and costs, and (5) pre- and post-judgment interest.

## CLASS ACTION ALLEGATIONS

4

25. Plaintiff brings this action in accordance with Colorado Rule of Civil Procedure 23 on behalf of herself and a Class defined as follows:

All persons who: (1) from three (3) years prior to the filing of the initial complaint in this action through the date notice is sent to the members of a certified class, (2) resided in the State of Colorado, (3) had their cellular telephone number listed in West's PeopleMap, and (4) provided affirmative consent to the listing in the same manner as West contends that affirmative consent was obtained from Adinoff, or there is no alleged affirmative consent.

26. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Adinoff and West, including their principals, subsidiaries, parents, successors, predecessors, contractors, and any entity in which West or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) counsel for the Parties; and (6) the legal representatives, successors, and assignees of any such excluded persons.

27. Adinoff anticipates the need to amend the class definition following a period of appropriate class-based discovery.

28. **Numerosity:** The exact number of Class Members is unknown and not available to Adinoff at this time, but individual joinder is impracticable. On information and belief, West has listed the cellphone numbers of hundreds of thousands or millions of Coloradans in its PeopleMap directory. The exact number of Class Members and class membership can be identified through entirely objective criteria, including the business records of West.

29. **Typicality:** Adinoff's claims are typical of the claims of other members of the Class in that Adinoff and the members of the Class were subjected to the same invasion of privacy stemming from West's listing of their cellphone number on its PeopleMap directory and sustained the same legal injuries and damages arising out of the uniform wrongful conduct of West. If Adinoff has an entitlement to relief, so do the rest of the Class Members.

30. **Adequate Representation:** Adinoff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex consumer class actions. Neither Adinoff nor her counsel has any interest in conflict with or antagonistic to those of the Class, and there are no defenses unique to Adinoff.

31. **Commonality and Predominance:** There are questions of law and fact common to the claims of Adinoff and the Class, and those questions will drive the litigation and predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

(a) Whether West violated Colo. Rev. Stat. § 6-1-304(4)(a)(I);

5

      (b)      Whether Plaintiff and Class Members are entitled to damages, and if so the proper amount of such damages;

      (c)      Whether the Class is entitled to injunctive relief and/or declaratory relief; and

      (g)      Whether the Class is entitled to other relief including reimbursement of costs, reasonable attorneys fees, and pre- and post-judgment interest.

32. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, West has acted or refused to act on grounds substantially similar towards all members of the Class so as to render certification of the Class for declaratory relief appropriate under Rule 23(b)(2).

33. **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small when compared to the burden and expense of individual prosecution of the complex litigation necessitated by West's actions. It would be virtually impossible for the individual members of the Class to obtain effective relief from the misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a certified class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Separate lawsuits pose a risk of contradictory decisions on key legal and factual issues impacting every Class member. Also, there are no pending governmental actions against West for the same conduct, and any such action would be less preferable to Class Members who have a vested interest in seeing the case pursued in a way that maximizes the class's recovery.

**CAUSE OF ACTION**
**Violation of C.R.S. § 6-1-304(4)(a)(I)**
**Prevention of Telemarketing Fraud Act**
**(On Behalf of Plaintiff and the Class)**

34. Adinoff restates and re-alleges each of the foregoing allegations as if set forth fully herein.

35. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

36. Colo. Rev. Stat. § 6-1-304(4) provides, in pertinent part:

      (a)    On or after September 1, 2005, a person commits an unlawful telemarketing practice if the person knowingly:

6

          (I)     Lists a cellular telephone number in a directory for a commercial purpose unless the person whose number has been listed has given affirmative consent, through written, oral, or electronic means, to such listing[.]

37. Defendant failed to comply with clear statutory requirement. Instead, it has chosen to list the cellphone numbers of residents of Colorado in its PeopleMap directory.

38. Defendant engages in this conduct for a commercial purpose. The purpose behind listing individuals' personal information, including cell phone numbers, on PeopleMap is to generate profits.

39. Defendant never requests nor receives "affirmative consent, through written, oral, or electronic means, to such listing[.]" Colo. Rev. Stat. § 6-1-304(4)(a)(I). Rather, Defendant lists the cell phone numbers of Coloradans it has never engaged with, has had no connection to, and who are unaware of its existence.

40. Defendant's misappropriation of Class Members' personal data (including the economic value thereof) came at the expense of Class Members' PTFA privacy rights. It deprived Class Members of the real, quantifiable value of such data. And it exposed Class Members to elevated risks of stalking, harassment, scams, identity theft, and unwanted telemarketing.

41. Thus, on behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class; (3) damages, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), of at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense; and (4) reasonable attorneys' fees and other litigation costs pursuant to Colo. Rev. Stat. § 6-1-305(1)(c).

## **PRAYER FOR RELIEF**

WHEREFORE, Adinoff, on behalf of herself and all other Class Members, prays for an Order of Judgment:

A. Certifying the Class as set forth above, appointing Adinoff as the Class Representative and appointing her counsel as Class Counsel;

B. Awarding damages in an amount to be proven at trial, plus injunctive and declaratory relief;

C. Requiring that all damages be paid into a common fund for the benefit of the Class;

D. Awarding pre-judgment interest and post-judgment interest against West on all sums awarded to Adinoff and Class Members;

7

and E. Awarding Adinoff and Class Members their reasonable attorneys' fees and costs; and

F. For such other and further relief as the Court deems reasonable, necessary, and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all claims so triable.

Dated: July 7, 2025

Respectfully submitted,

/s/ Patrick H. Peluso
One of Plaintiff's Attorneys

**Peluso Law LLC**
Patrick H. Peluso
ppeluso@pelusolawfirm.com
865 Albion Street, Ste. 250
Denver, CO 80220
T: (720) 805-2008
F: (720) 336-3663

*Counsel for Plaintiff and the Alleged Class*

8